UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLAIR SWILER,

    Plaintiff,

v.                               Case No.:  2:24-cv-661-SPC-KCD

RSJ VENTURES, LLC,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court are Plaintiff Blair Swiler's Motion for Default Judgment (Doc. 15) and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 16). For the below reasons, the Court denies the motions without prejudice.

Plaintiff sues Defendant RSJ Ventures, LLC, under the Lanham Act, Florida's misappropriation statute, and the Florida Deceptive and Unfair Trade Practices Act. (Doc. 1). Defendant has not appeared in this action, and Plaintiff has obtained a clerk's default. (Doc. 12). Plaintiff now moves for final default judgment (Doc. 15) and for injunctive relief (Doc. 16). But Plaintiff's default-judgment motion concerns only liability. And Plaintiff's request for injunctive relief seeks a temporary restraining order and preliminary

injunction, not a permanent injunction. So far as the Court can tell, this makes no sense.

Starting with the default-judgment motion, Plaintiff seeks default with respect to liability but does not brief the remedies he seeks in this action. If Plaintiff wants damages, now is the time to make such a request. There must be a legitimate basis for the damages sought. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). The Court may not enter a damages award without a hearing unless "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). Thus, "a plaintiff seeking default judgment must show the Court what [the] damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010). Plaintiff must address these issues in a renewed default-judgment motion.

The default-judgment motion does not address injunctive relief, either, which leads the Court to Plaintiff's second motion. Plaintiff separately moves for a temporary restraining order and preliminary injunction. (Doc. 16). But the "chief function" of preliminary injunctive relief is to "preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Alabama v. U.S. Sec'y of Educ.*, No. 24-12444, 2024 WL 3981994, at *4 (11th Cir. Aug. 22, 2024) (quotation omitted). Plaintiff filed his complaint over two

months ago, has obtained a clerk's default, and has moved for default judgment. At this stage, the merits are ready to be fully and fairly adjudicated. So, preliminary injunctive relief seems to serve no purpose. And any ruling on default judgment as to injunctive relief would naturally moot out Plaintiff's request for preliminary relief. If Plaintiff wants injunctive relief, he should include a request for permanent injunctive relief in his renewed default-judgment motion.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Default Judgment (Doc. 15) and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 16) are **DENIED without prejudice.**

2. On or before October 7, 2024, Plaintiff must renew his motion for default judgment consistent with this Order. **Failure to comply with this Order may result in the dismissal of this action without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 30, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record