UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLAIR SWILER,

    Plaintiff,

v.                                      Case No.:   2:24-cv-661-SPC-KCD

RSJ VENTURES, LLC,

    Defendant.
_____/

## ORDER

Before the Court is Defendant RSJ Ventures LLC's Motion to Set Aside Entry of Default and Opposition to Plaintiff's Renewed Motion for Default Judgment. (Doc. 26).[1] Plaintiff Blair Swiler responded in opposition (Doc. 29), making this matter ripe. For the reasons below, the motion is granted.

## I. Background

Swiler is an accomplished chef. (Doc. 1 ¶ 11.) He and a business partner formed RSJ "to develop, create, market, and sell jerky and jerky adjacent food products." (*Id.* ¶¶ 17, 19.) This included the Chef's Cut line of jerky products. (*Id.* ¶ 20.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

With Swiler's consent, RSJ "used [his] name and culinary experience to promote and advertise the Chef's Cut brand and products." (*Id.* ¶ 28.) This was done to assure consumers that its products "were created and endorsed by an experienced chef[.]" (*Id.* ¶ 25.) Thus, Swiler's experience and role in creating the Chef's Cut brand were "an integral part" of the company's marketing and promotion. (*Id.* ¶ 26.)

To grow the business, Swiler and his partner brought in additional investors. (*Id.* ¶ 31.) Those investors sold RSJ and the Chef's Cut brand to new owners who forced Swiler out. (*Id.* ¶¶ 35-36.)

Since then, Swiler has not given RSJ "permission or consent to use his name or story." (*Id.* ¶ 41.) Yet the company allegedly continues to use his name to promote and advertise its products. (*Id.* ¶¶ 51, 67, 69.) This lawsuit under Florida and federal law followed.

Several months passed without a response from RSJ, so the Clerk entered a default against it. (Doc. 12.) RSJ has now appeared and moves to set the default aside. (Doc. 26.) It blames the late appearance on defective service and "confusion between [its] current and former stakeholders." (*See* Doc. 26 at 2, 6.) According to RSJ, it swiftly moved to set aside the default after learning about the suit. (*Id.* at 2, 7.)

## II. Legal Standard

A district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Establishing good cause rests with the defaulting party. *See Afr. Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999). At least in this context, good cause is not a high bar. *See Fla. Health Scis. Ctr., Inc. v. Horizon Blue Cross Blue Shield of New Jersey*, No. 8:23-CV-1269-JLB-SPF, 2023 WL 10727393, at *4 (M.D. Fla. Nov. 2, 2023) ("A defendant's burden to show the existence of a meritorious defense is extremely light on a motion to set aside an entry of default."); *Joe Hand Promotions, Inc. v. Manduley*, No. 8:15-CV-2213-T-35MAP, 2015 WL 13333022, at *1 (M.D. Fla. Dec. 7, 2015) ("To obtain the setting aside of a clerk's entry of default under Rule 55(c), the movant must only make a bare minimum showing to support its claim for relief."). That said, while the standard is a "liberal one," it is "not so elastic as to be devoid of substance." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

There are several factors to consider when determining whether a party has shown good cause. They are not "talismanic," but include "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id*. Also instructive is "whether the defaulting party acted promptly to correct the default." *Id; see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7

(11th Cir. 2014). These factors are considered against the backdrop that defaults are highly disfavored. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). For that reason, any doubts regarding whether to set aside a default should be resolved for the party seeking relief. *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962).

### III. Discussion

Applying Rule 55(c) here, the clerk's default cannot stand. For starters, the record does not reveal willful or culpable conduct. "A default is willful or culpable when a party displays either an intentional or reckless disregard for the judicial proceedings." *United Am. Corp. v. Bitmain, Inc.*, No. 18-CV-25106, 2019 WL 10058715, at *3 (S.D. Fla. Nov. 22, 2019). According to RSJ, its tardiness stems from either deficient service or "confusion between [its] current and former stakeholders." (Doc. 26 at 2.) Both are grounds for setting aside a clerk's default. *See Hadden v. Univ. Acct. Servs.*, No. 18-81385-CIV-MARRA, 2019 WL 13536415, at *1 (S.D. Fla. Aug. 9, 2019); *Carmody v. MHM Sols., Inc.*, No. 08-14198-CIV, 2008 WL 2844038, at *1 (S.D. Fla. July 23, 2008). Additionally, whatever the reason for its delay, it appears RSJ took swift action to set aside the default once it learned of the suit. (*See* Doc. 26 at 2.)

Hearing this case on the merits is also appropriate because RSJ offers at least a colorable defense. It contends that Swiler's employment contracts "assigned and/or licensed . . . the rights to use his name, signature, and/or

4

likeness in connection with the Chef's Cut brand." (Doc. 26 at 3.) Swiler challenges RSJ's interpretation of these agreements (Doc. 29 at 2, 12-13), but the Court need not determine whose reading will prevail at this stage. The merits of RSJ's defense is not measured by the likelihood of its success. *See Fla. Health Scis. Ctr., Inc.*, 2023 WL 10727393, at *4. Instead, RSJ's "allegations are meritorious if they contain even a hint of suggestion, which, if proven at trial, would constitute a complete defense." *Id*. That is an "extremely light" burden. *Id*. And one that RSJ has easily carried. If its interpretation of the agreements succeeds, RSJ may have a complete defense to Swiler's accusations. Nothing more is needed now.

One more thing. Swiler contends that he will be prejudiced if forced "to litigate a case where [RSJ] has not demonstrated a meritorious defense." (Doc. 29 at 14.) This argument falls flat for the reasons discussed. But in any event, Swiler's argument is rooted in a misunderstanding of the Court's prejudice inquiry. What matters is "whether prejudice results from the *delay*" caused by the default, "not from having to continue to litigate the case." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009). "[T]here is no prejudice in requiring a plaintiff to prove his or her case." *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018).

Weighing the facts surrounding RSJ's default and the Eleventh Circuit's "strong policy of determining cases on their merits," the Court concludes that

the clerk's default should be set aside. *Perez*, 774 at 1339. Accordingly, it is now

**ORDERED**:[2]

1. Defendant RSJ Ventures LLC's Motion to Set Aside Entry of Default and Opposition to Plaintiff's Renewed Motion for Default Judgment (Doc. 26) is **GRANTED**;

2. The Clerk is **DIRECTED** to set aside the clerk's default (Doc. 12);

3. RSJ is directed to respond to the complaint by **November 28, 2024**.

**ENTERED** in Fort Myers, Florida on November 13, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

---

[2] A magistrate judge must issue a report and recommendation, subject to de novo review, for certain case-dispositive motions. 28 U.S.C. § 636(b)(1)(B). In contrast, a magistrate judge may issue an order, subject to clear error review, for non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). RSJ's motion falls into the latter category because it does not resolve any claims or defenses, nor does it end the litigation. *See Bell v. Chambliss*, No. 3:13-CV-479-J-34JBT, 2015 WL 5997047, at *1 (M.D. Fla. Oct. 14, 2015).